UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW WADE PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| PRUDENTIAL INSURANCE CO | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Matthew Wade Peters, and for his claims and causes of action against Defendant, Prudential Insurance Co of America, states as follows:

### PARTIES

1. Matthew Wade Peters ("Peters") is a resident and citizen of the State of Kansas.

2. Defendant Prudential Insurance Co of America ("Prudential") is an out-of-state insurance company authorized to do business in the State of Kansas. The Commissioner of the Kansas Department of Insurance is authorized to accept service of process on behalf of Prudential.

### JURISDICTION AND VENUE

3. Peters brings his claim pursuant to the Employment Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq*.

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.

6. Venue lies in the District of Kansas under 29 U.S.C. § 1332(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

## INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

9. Trial is to be held in Kansas City, Kansas.

## STATEMENTS OF FACT

10. Beginning in February 2018, Foley Industries ("Foley") employed Peters as a Parts Manager.

11. Peters remained actively at work until May 12, 2021.

12. Peters remained employed with Foley until approximately September 14, 2021.

13. During his employment, Peters began to suffer from a number of health conditions, including spinal fluid leaking, head pain, cognitive problems, fatigue, and double vision. These conditions eventually rendered him incapable of continuing his job on a full-time, competitive basis.

14. Foley sponsored a group long-term disability ("LTD") benefits plan ("Plan") for its participating employees.

15. The Plan constitutes employee welfare benefit plans as defined by 29 U.S.C. § 1002 (1).

16. The Plan offered disability benefits to qualifying Foley employee Plan participants.

17. At all relevant times, Peters has been a participant and covered person under the terms of the Plan.

18. Foley is the administrator of the Plan.

19. The Plan's disability provisions are insured by a policy written by Prudential.

20. Foley delegated or attempted to delegate the function of issuing LTD claim determinations to Prudential.

21. Foley and Prudential entered into an administrative services contract through which Foley paid Prudential for acting as claims administrator.

22. Peters attempted and failed working for the last day on May 12, 2021.

23. Peters applied for Short-Term Disability and was approved on May 20, 2021, through its maximum duration.

24. Prudential thereafter transitioned Peters claim to Long-Term Disability ("LTD").

25. On September 14, 2021, Prudential advised Peters that his LTD claim had been approved through October 31, 2021.

26. On September 27, 2021, Dr. Klecan advised Prudential that Peters was unable to work "due to severe weakness and daily headaches and joint pain."

27. Prudential extended the LTD claim through November 30, 2021.

28. On December 17, 2021, Prudential wrote to Peters advising him that the LTD claim had been denied and no benefits would be payable beyond November 30, 2021.

29. In support of its decision Prudential stated that "We determined that there is no medical cause to restrict your functional capacity and that any limitations are due to your self-reported symptoms."

30. Prudential also noted, "Our Clinician sent a letter with our assessment, as summarized above, to Dr. Klecan, who agreed with our assessment that you are limited by the severity of your self-reported symptoms and there are no physical exam findings, diagnostic findings, or specialist treatment that would indicate any medical reason to restrict your functional capacity."

31. Prudential proffered as evidence a letter written by Debbie McAloon, RN, with a scribbled signature and date.

32. Prudential did not afford Peters the opportunity to respond to its Clinician letter.

33. Peters did not receive written notice of Prudential's denial until January 10, 2022.

34. On May 12, 2023, Peters requested a copy of his claim file from United.

35. On May 23, 2023, Peters received his claim file.

36. On July 7, 2023, Peters submitted an appeal of Prudential's denial.

37. On August 22, 2023, Prudential denied appeal review.

38. The Plan and Policy articulate the conditions under which a Plan participant is entitled to LTD benefits.

39. The term "Disabled" is defined as follows:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
> - you are under the **regular care** of a **doctor**; and
> - you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.

40. The Policy defines material and substantial duties as:

> **Material and substantial duties** means duties that:
> - are normally required for the performance of your regular occupation; and
> - cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

41. The Policy defines regular occupation as:

> **Regular occupation** means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

42. Both ERISA and the Policy itself require such denials to provide specific information, including:

    a. The specific reason(s) the claim was denied.

    b. Specific reference to the Policy provision(s) on which the denial was based.

    c. Any additional information required for the claim to be reconsidered, and the reason this information is necessary.

    d. If the case of any claim for a disability benefit, identification of any internal rule, guideline or protocol relied on in making the claim decision, and an explanation of any medically-related exclusion or limitation involved in the decision.

    e. A statement regarding the right to appeal the decision, and an explanation of the appeal procedure, including a statement of the right to bring a civil action under Section 502(a) of ERISA if the appeal is denied.

43. Prudential's denial letter does not specifically support its decision.

44. Peters has at all relevant times met the definition of "Disability" under the Plan and is entitled to benefits.

45. Peters appealed Prudential's denial of his claim for benefits.

46. Peters has exhausted his administrative remedies and Prudential refuses to take further action in connection with his claim.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

47. Peters realleges the preceding paragraphs as if fully set forth herein.

48. Peters is entitled to all unpaid and accrued LTD benefits, as Prudential:

    a. Made an unfavorable decision without substantial evidence;

    b. Failed to properly consider Peters medical impairments and resulting limitations; and

    c. Issued an unfavorable decision that was arbitrary and capricious.

49. Prudential has not satisfied its obligation to pay Peter's LTD benefits.

50. Prudential denied LTD benefits when the applicable medical record supports upholding LTD benefits.

51. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Peters prays for judgment against Prudential for unpaid LTD benefits, attorney's fees, costs, and prejudgment interest.

### COUNT II
### 29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

52. Peters realleges the preceding paragraphs as if fully set forth herein.

53. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

    "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property or such plan, or has any authority or

      responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

54.    29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

      "a fiduciary shall discharge her duties with respect to a plan solely in the interest of the participants and beneficiaries and – for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

55.    Prudential, the Plan's designated claims administrator, is a fiduciary.

56.    Prudential participated in and benefitted from the Plan as previously indicated.

57.    Prudential's claims management practices are motivated by financial incentives in its administrative services agreement with Foley.

58.    As the payor of benefits and the entity responsible for exercising discretion in claims administration, Prudential operates under an inherent conflict of interest.

59.    A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs the actions of a fiduciary.

60.    Prudential breached its fiduciary duty in:

    a. Failing to comply with its internal guidelines and claims handling procedures. Its claim handlers did not comply with documented instructions involving the administration of disability claims, including its procedures involving coverage and eligibility determinations;

    b. Refusing to administer the claim when the 180-day deadline was extended by National Emergency;

    c. Arbitrarily imposing its own appeal deadline and extending or reducing such deadline inconsistently.

    d. Failing to properly administer the claim;

  e. Engaging in a structural conflict of interest by assuming the role of both claims administrator and payor of benefits;

  f. Failing to properly consider competent medical and vocational opinion evidence, and/or failing to specifically explain why it did not agree with such evidence;

  g. Failing to provide a copy of the applicable policy and documents; and

  h. Refusing to utilize fully executed authorizations to attempt to obtain all relevant evidence to Peter's claim for benefits;

61. Prudential denied Peter's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

62. Prudential failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Peters and the Plan's participants and beneficiaries generally.

63. Prudential's improper conduct demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy.

64. Prudential's violations of regulations alone allow Peters the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(1)(2)(i).

65. Prudential's violations of federal regulation also subject its decision to *de novo* review.

66. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Peters prays for an order that Prudential retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Prudential in its fiduciary capacity; for an equitable accounting of benefits that Prudential has withheld; for the disgorgement

of profits enjoyed by Prudential in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Respectfully submitted,

BURNETTDRISKILL, Attorneys

By: /s/ Derrick A. Pearce
Derrick A. Pearce, KS # 16752
Kyle H. Sciolaro, KS. #64568
Paul J. Taylor, KDC # 79074
103 W 26th Ave., Ste. 290
North Kansas City, MO  64116
P: 816.781.4836
F: 816.792.3634
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com
ptaylor@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF